UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

| | | |
|---|---|---|
| DESIREE JUAN, | : | |
| Plaintiff, | : | 07 Civ. No. 7828 (GBD) |
| | : | |
| - against – | : | **ANSWER AND DEFENSES** |
| | : | |
| LANDAMERICA FINANCIAL GROUP, INC., | : | |
| and DOE CORPORATIONS 1-5, names being | : | |
| fictitious, | : | |
| Defendants. | : | |

---------------------------------------------------------------x

Defendant LandAmerica Financial Group, Inc. ("LandAmerica"), by its attorneys, Seyfarth Shaw LLP, as and for its Answer to the Verified Complaint ("Complaint") of Plaintiff Desiree Juan ("Plaintiff"), hereby responds to the numbered paragraphs of the Complaint, and asserts additional defenses, as follows:

1.      LandAmerica denies the allegations contained in paragraph 1 of the Complaint except admits that Plaintiff was employed by LandAmerica Financial Group, Inc. and worked in LandAmerica's office located at 140 East 45th Street, in the County, City and State of New York.

2.      LandAmerica admits the allegations contained in paragraph 2 of the Complaint.

3.      LandAmerica denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4.      LandAmerica denies the allegations contained in paragraph 4 of the Complaint except admits that Plaintiff commenced her employment with LandAmerica on or about April 29, 1996, but resigned on or about July 24, 2000.    Plaintiff was rehired by LandAmerica on or about June 4, 2001.

5.      LandAmerica denies the allegations contained in paragraph 5 of the Complaint except admits that in or around 1998 Plaintiff performed services for Doug Forsyth ("Forsyth") and William Deatly.

6.      LandAmerica denies the allegations contained in paragraph 6 of the Complaint except admits that Forsyth recommended that Plaintiff return to the sales department in or around June 2001.

7.      LandAmerica denies the allegations contained in paragraph 7 of the Complaint, except admits that in or around October 2004, Plaintiff requested to be transferred back to the sales department to work with Forsyth.  Prior thereto, during the period of October 31, 2003 through October 18, 2004, Plaintiff assumed the role of Legal Secretary and reported to David Wanctick and Joel Peck.

8.       LandAmerica admits the allegations contained in paragraph 8 of the Complaint.

9.       Land America denies the allegations contained in paragraph 9 of the Complaint except admits that Peter Doyle ("Doyle") is employed by LandAmerica in a sales capacity.

10.      LandAmerica denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11.      LandAmerica denies the allegations contained in paragraph 11 of the Complaint except admits that Plaintiff advised Forsyth that she observed Doyle masturbating in his office and avers that Plaintiff was laughing at the time she advised Forsyth of the alleged incident.

12.      LandAmerica denies the allegations contained in paragraph 12 of the Complaint.

2

13.    LandAmerica denies the allegations contained in paragraph 13 of the Complaint.

14.    LandAmerica denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 14 of the Complaint.

15.    LandAmerica denies the allegations contained in paragraph 15 of the Complaint.

16.    LandAmerica denies the allegations contained in paragraph 16 of the Complaint, except admits that Plaintiff reported to Human Resources that she observed Doyle masturbating in his office.

17.    LandAmerica denies the allegations contained in paragraph 17 of the Complaint.

18.    LandAmerica denies the allegations contained in paragraph 18 of the Complaint.

19.    LandAmerica admits the allegations contained in paragraph 19 of the Complaint.

20.    LandAmerica denies the allegations contained in paragraph 20 of the Complaint.

21.    LandAmerica denies the allegations contained in paragraph 21 of the Complaint.

22.    LandAmerica denies the allegations contained in paragraph 22 of the Complaint.

23.    LandAmerica denies the allegations contained in paragraph 23 of the Complaint.

24.    LandAmerica denies the allegations contained in paragraph 24 of the Complaint.

25.    LandAmerica denies the allegations contained in paragraph 25 of the Complaint, except to deny knowledge or information sufficient to form a belief as to what Plaintiff "felt."

26.    LandAmerica denies the allegations contained in paragraph 26 of the Complaint, except to admit that Plaintiff obtained CDs from Forsyth's office while he was on vacation. LandAmerica further denies knowledge or information sufficient to form a belief as to whether Plaintiff threw the CDs away.

27.    LandAmerica denies the allegations contained in paragraph 27 of the Complaint.

28.    LandAmerica denies the allegations contained in paragraph 28 of the Complaint, except to deny knowledge or information sufficient to form a belief as to what Plaintiff "believed."

29.    LandAmerica denies the allegations contained in paragraph 29 of the Complaint, except admits that on or about May 4, 2007 Plaintiff complained to Brian Juodzevich ("Juodzevich") about Forsyth.

30.    LandAmerica denies the allegations contained in paragraph 30 of the Complaint except admits that on or around May 4, 2007 Plaintiff complained to Juodzevich about Forsyth.

31.    LandAmerica denies the allegations contained in paragraph 31 of the Complaint.

32.    LandAmerica denies the allegations contained in paragraph 32 of the Complaint except admits that Forsyth was placed on temporary leave while Human Resources investigated Plaintiff's allegations against Forsyth.

33.    LandAmerica denies the allegations contained in paragraph 33 of the Complaint.

34.    LandAmerica denies the allegations contained in paragraph 34 of the Complaint.

35.    LandAmerica denies the allegations contained in paragraph 35 of the Complaint.

36.     LandAmerica denies the allegations contained in paragraph 36 of the Complaint.

37.     LandAmerica denies the allegations contained in paragraph 37 of the Complaint.

38.     LandAmerica denies the allegations contained in paragraph 38 of the Complaint.

39.     LandAmerica denies the allegations contained in paragraph 39 of the Complaint.

40.     LandAmerica denies knowledge or information sufficient to form a belief as to the allegations in paragraph 40 of the Complaint.

41.     LandAmerica denies the allegations contained in paragraph 41 of the Complaint.

42.     LandAmerica denies the allegations contained in paragraph 42 of  the Complaint.

43.     LandAmerica denies the allegations contained in paragraph 43 of the Complaint.

44.     LandAmerica denies the allegations contained in paragraph 44 of the Complaint and avers that on or about June 18, 2007 Plaintiff voluntarily resigned from her employment with LandAmerica.

45.     LandAmerica denies the allegations contained in paragraph 45 of the Complaint.

46.     LandAmerica denies the allegations contained in paragraph 46 of the Complaint.

47.     LandAmerica denies the allegations contained in paragraph 47 of the Complaint.

48.     LandAmerica denies the allegations contained in paragraph 48 of the Complaint.

49.     LandAmerica repeats and reiterates its responses to paragraphs 1 through 48 of the Complaint as though fully and completely set forth herein.

50.    LandAmerica denies the allegations contained in paragraph 50 of the Complaint.

51.    The allegations in paragraph 51 of the Complaint constitute conclusions of law as to which no responsive pleading is required and which are deemed to be denied. If and to the extent a response is deemed to be required, LandAmerica denies the allegations contained in paragraph 51 of the Complaint.

52.    LandAmerica denies the allegations contained in paragraph 52 of the Complaint, except admits that Plaintiff was qualified to continue in the position she held with LandAmerica prior to her resignation.

53.    The allegations in paragraph 53 of the Complaint constitute conclusions of law as to which no responsive pleading is required and which are deemed to be denied.  If and to the extent a response is deemed to be required, LandAmerica denies each and every allegation contained in paragraph 53 of the Complaint.

54.    The allegations in paragraph 54 of the Complaint constitute conclusions of law as to which no responsive pleading is required and which are deemed to be denied.  If and to the extent a response is deemed to be required, LandAmerica denies each and every allegation contained in paragraph 54 of the Complaint.

55.    The allegations in paragraph 55 of the Complaint constitute conclusions of law as to which no responsive pleading is required and which are deemed to be denied.  If and to the extent a response is deemed to be required, LandAmerica denies that Plaintiff was subjected to harassment and/or discrimination by any LandAmerica employee and further denies that LandAmerica is liable to Plaintiff.

56.     The allegations in paragraph 56 of the Complaint constitute conclusions of law as to which no responsive pleading is required and which are deemed to be denied.  If and to the extent a response is deemed to be required, LandAmerica denies each and every allegation contained in paragraph 56 of the Complaint.

57.     The allegations in paragraph 57 of the Complaint constitute conclusions of law as to which no responsive pleading is required and which are deemed to be denied.  If and to the extent a response is deemed to be required, LandAmerica denies each and every allegation contained in paragraph 57 of the Complaint.

58.     The allegations in paragraph 58 of the Complaint constitute conclusions of law as to which no responsive pleading is required and which are deemed to be denied.  If and to the extent a response is deemed to be required, LandAmerica denies each and every allegation contained in paragraph 58 of the Complaint.

59.     The allegations in paragraph 59 of the Complaint constitute conclusions of law as to which no responsive pleading is required and which are deemed to be denied.  If and to the extent a response is deemed to be required, LandAmerica denies each and every allegation contained in paragraph 59 of the Complaint.

60.     The allegations in paragraph 60 of the Complaint constitute conclusions of law as to which no responsive pleading is required and which are deemed to be denied.  If and to the extent a response is deemed to be required, LandAmerica denies each and every allegation contained in paragraph 60 of the Complaint.

61.    The allegations in paragraph 61 of the Complaint constitute conclusions of law as to which no responsive pleading is required and which are deemed to be denied.  If and to the extent a response is deemed to be required, LandAmerica denies that it is liable to Plaintiff for any damages and/or fees.

62.    LandAmerica repeats and reiterates its responses to paragraphs 1 through 61 of the Complaint as though fully and completely set forth herein.

63.    The allegations in paragraph 63 of the Complaint constitute conclusions of law as to which no responsive pleading is required and which are deemed to be denied.  If and to the extent a response is deemed to be required, LandAmerica denies each and every allegation contained in paragraph 63 of the Complaint.

64.    The allegations in paragraph 64 of the Complaint constitute conclusions of law as to which no responsive pleading is required and which are deemed to be denied.  If and to the extent a response is deemed to be required, LandAmerica denies each and every allegation contained in paragraph 64 of the Complaint.

65.    The allegations in paragraph 65 of the Complaint constitute conclusions of law as to which no responsive pleading is required and which are deemed to be denied.  If and to the extent a response is deemed to be required, LandAmerica denies each and every allegation contained in paragraph 65 of the Complaint.

66.    The allegations in paragraph 66 of the Complaint constitute conclusions of law as to which no responsive pleading is required and which are deemed to be denied.  If and to the

extent a response is deemed to be required, LandAmerica denies each and every allegation contained in paragraph 66 of the Complaint.

67.    The allegations in paragraph 67 of the Complaint constitute conclusions of law as to which no responsive pleading is required and which are deemed to be denied.  If and to the extent a response is deemed to be required, LandAmerica denies each and every allegation contained in paragraph 67 of the Complaint.

68.    The allegations in paragraph 68 of the Complaint constitute conclusions of law as to which no responsive pleading is required and which are deemed to be denied.  If and to the extent a response is deemed to be required, LandAmerica denies each and every allegation contained in paragraph 68 of the Complaint.

69.    The allegations in paragraph 69 of the Complaint constitute conclusions of law as to which no responsive pleading is required and which are deemed to be denied.  If and to the extent a response is deemed to be required, LandAmerica denies each and every allegation contained in paragraph 69 of the Complaint.

70.    The allegations in paragraph 70 of the Complaint constitute conclusions of law as to which no responsive pleading is required and which are deemed to be denied.  If and to the extent a response is deemed to be required, LandAmerica denies each and every allegation contained in paragraph 70 of the Complaint.

71.    The allegations in paragraph 71 of the Complaint constitute conclusions of law as to which no responsive pleading is required and which are deemed to be denied.  If and to the

extent a response is deemed to be required, LandAmerica denies each and every allegation contained in paragraph 71 of the Complaint.

72.     The allegations in paragraph 72 of the Complaint constitute conclusions of law as to which no responsive pleading is required and which are deemed to be denied.  If and to the extent a response is deemed to be required, LandAmerica denies each and every allegation contained in paragraph 72 of the Complaint.

73.     The allegations in paragraph 73 of the Complaint constitute conclusions of law as to which no responsive pleading is required and which are deemed to be denied.  If and to the extent a response is deemed to be required, LandAmerica denies that it is liable to Plaintiff for any damages and/or fees.

LandAmerica denies that Plaintiff is entitled to the relief requested in the "WHEREFORE" clause in the Complaint or any other relief.   LandAmerica denies each and every allegation not specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim for which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

### THIRD DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

**FOURTH DEFENSE**

All of LandAmerica's decisions made with respect to Plaintiff's employment were based upon legitimate non-discriminatory business reasons.

**FIFTH DEFENSE**

Some or all of Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

**SIXTH DEFENSE**

Some or all of Plaintiff's claims are barred, in whole or in part, by her failure to exhaust administrative prerequisites to suit.

**SEVENTH DEFENSE**

Subject to proof through discovery, Plaintiff has failed to take reasonable steps to mitigate her alleged damages.

**EIGHTH DEFENSE**

LandAmerica has established, implemented and complied with policies, programs and procedures for the prevention and detection of unlawful discriminatory practices by employees in accordance with § 8-107(13)(d) of the New York City Administrative Code.

**NINTH DEFENSE**

Plaintiff's claims are barred because LandAmerica published firm policies against discrimination, harassment and retaliation, and Plaintiff unreasonably failed to promptly take advantage of the preventive or corrective opportunities provided by LandAmerica or to avoid harm otherwise.

## TENTH DEFENSE

LandAmerica cannot be held liable to Plaintiff because it immediately investigated the complaints made by Plaintiff regarding Doyle and Forsyth and took prompt remedial action against Doyle and Forsyth in response thereto.

## ELEVENTH DEFENSE

Mitigating factors should be taken into account in accordance with § 8-126(b) of the New York City Administrative Code.

## TWELFTH DEFENSE

All relevant factors should be considered in accordance with § 8-107(13)(e) and (f) of the New York City Administrative Code.

## THIRTEENTH DEFENSE

Plaintiff is not entitled to punitive damages, in that Plaintiff cannot demonstrate malice, or reckless indifference, nor can she impute liability for punitive damages to Defendant.

## FOURTEENTH DEFENSE

Plaintiff's claims for punitive damages are barred, in whole or in part, by the United States and New York Constitutions and/or by the statutes under which this action purportedly is brought.

## OBJECTION TO JURY TRIAL

LandAmerica objects to Plaintiff's request for a trial by jury to the extent that Plaintiff seeks back pay, and front pay, and other relief as to which a jury is not permitted as of right, as a matter of law, and to the extent that some or all of Plaintiff's claims are not subject to trial by jury.

**WHEREFORE,** LandAmerica respectfully requests that this Court enter judgment in its favor against Plaintiff as follows:

1.    dismissing the Complaint in its entirety on the merits;

2.    granting to LandAmerica the costs and expenses of this action, including attorneys' fees; and

3.    awarding LandAmerica such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        September 26, 2007

                        Respectfully submitted,

                        SEYFARTH SHAW LLP


                        By:    s/ Robert S. Whitman
                               Lorie Almon  (LA 4937)
                               Robert S. Whitman (RW 1140)
                               Gloria Galant (GG 2818)
                        620 Eighth Avenue
                        New York, New York 10018
                        (212) 218-5500

                        Attorneys for Defendant
                        LandAmerica Financial Group, Inc.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 26, 2007, I electronically filed the foregoing Answer

and Defenses with the Clerk of the District Court using the CM/ECF system, and I hereby certify

that on September 26, 2007, a true and correct copy of the foregoing Answer and Defenses was

served by United States Mail, first class mail, postage prepaid on the following:

> Murray Schwartz
> Schwartz & Perry LLP
> 295 Madison Avenue
> New York, New York 10017
> (212) 889-6565
>
> *Attorneys for Plaintiff*

> s/ Robert S. Whitman
> Robert S. Whitman (RW 1140)