USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: MAR 20 2008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DESIREE JUAN,
                     Plaintiff,

      - against –

LANDAMERICA FINANCIAL GROUP,
INC., and DOE CORPORATIONS 1-5, names
being fictitious,
                     Defendants.
------------------------------------------------------------x

07 Civ. No. 7828(GBD)

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

WHEREAS, the parties hereto are or will be conducting discovery;

WHEREAS, some of the information and documents sought in discovery contain or relate to information of a private, confidential or proprietary nature, or to trade secret information, the disclosure of which might result in irreparable harm and/or invasion of privacy, including inter alia, private or personnel documents of current or former employees of Defendant LandAmerica Financial Group, Inc. ("LAFG"); policies, business practices and procedures, business know-how, guidelines, or programs implemented by LAFG; information and documents regarding the structure or operations of LAFG; and other documents of LAFG containing or relating to business information that is of a private, confidential, and/or proprietary nature;

THEREFORE, pursuant to the Federal Rules of Civil Procedure, the purpose of this Protective Order is to permit the parties and their respective counsel to discover certain information, documents and things from each other and to reasonably limit disclosure of said confidential information that may be exchanged and produced now and in the future during this litigation;

NY1 26498786.2

IT IS HEREBY STIPULATED AND AGREED THAT:

1.  Documents covered by this Protective Order are defined as "Confidential Material" and may include any document, portion of any deposition transcript, interrogatory answer, response to request to produce, and any other discovery material which discloses any information regarding:

    a.  personnel information concerning any current or former directors, officer, agents, applicants or employees (collectively, "employees") of LAFG, its current or former parents, subsidiaries and/or affiliates, including, but not limited to, documents contained in such employees' personnel file or any other LAFG file containing documents regarding individual employees' work histories, salaries, or job performances and/or documents indicating such employees' home addresses or other personal data and

    b.  financial, proprietary, and/or sensitive business information regarding LAFG, and its employees.

2.  a. Documents or information to be designated as Confidential Material under this Order shall be plainly stamped, marked or otherwise designated "Confidential" on the face of the document. Testimony about any Confidential Material or the contents thereof shall be deemed confidential without further designation.

    b. In the case of depositions, designation of the portion of the transcript (including exhibits) that contains Confidential Material shall be made by a statement to such effect on the record during the course of the deposition or at the conclusion of each session of the deposition, or in a writing provided to the other parties within thirty (30) business days of the deponent's receipt of a copy of the deposition transcript. Counsel for the parties may modify this procedure

for any particular deposition by agreement on the record at such deposition, without further Court order.

3. Either party may object to the designation of any documents as Confidential Material and, if the parties are unable to resolve the objection, the dispute over the objection may be submitted to the Court. Notwithstanding the objection, such documents and the contents thereof shall be treated as confidential until a contrary determination is made by written agreement of the parties or by order of the Court. Any disclosure to be made of Confidential Material or of any information contained therein shall be governed by the further provisions of this Order.

4. In connection with this Order, "disclosure" or "to disclose" shall mean to divulge, reveal, describe, summarize, paraphrase, quote, transmit, disseminate, or otherwise communicate information, whether pursuant to request, interrogatory, or process, and whether in accordance with the Federal Rules of Civil Procedure or otherwise, but does not include testimony, argument, or use of documents at trial; however, any such testimony, argument or use of documents at trial shall be disclosed *only* in a manner consistent with the provisions of paragraph 5.d. below.

5. Confidential Material and the contents thereof may be copied and retained by the receiving party, and may be used by the party and the party's counsel, if any, solely for purposes of conducting the above-captioned litigation. Confidential Material and the *contents thereof* shall not be disclosed or made known by the parties and/or their counsel to any other person, except *only* as follows:

NYI 26498786.2

3

a. To the directors, officers, and employees or former directors, officers and/or employees of the parties to the extent necessary for the performance of their respective duties in connection with this action;

b. To any attorneys of the parties, including necessary paralegal and other clerical personnel employed by counsel, for carrying out their respective duties in connection with this action;

c. To experts, consultants, insurance or claims representatives, nonparty witnesses or other persons whose assistance is necessary for purposes of litigating this action, to the extent necessary in order to furnish such assistance. The party to whom assistance is provided under this section shall provide a copy of this Protective Order to the individual providing such assistance who agrees to be bound by this Protective Order. If the individual does not agree to be so bound, the party providing Confidential Material to the individual is in breach of this Protective Order. Nothing in this paragraph, however is intended to limit a party's use of Confidential Material at a deposition in this matter.

d. To the judges and employees of the United States District Court for the Southern District of New York pursuant to the filing of a court paper or in connection with a hearing or trial in this action, provided that if any Confidential Material is disclosed in a court paper or at a hearing or trial, the court paper/transcript shall be filed pursuant to the common practice of placing the confidential material in a sealed envelope and marking the envelope as such, unless the parties agree otherwise in writing.

6. The authorized disclosures provided for in Paragraph 5 above shall be solely for the use and purposes of this action and any person, party, or entity receiving any Confidential

4

NYI 26498786.2

Document or the contents thereof shall not use or disclose said information, directly or indirectly, in any manner whatsoever, to any other person, party, or entity not specified in Paragraph 5 herein above. Confidential Material and the contents thereof shall not be used for any business, commercial, competitive or personal reason.

8. Upon the final termination of this action by judgment, appeal or by compromise and settlement, each and every copy of all documents produced as Confidential Material shall, upon request, be returned to the party from whom they originated, or shall be destroyed – whichever method is directed by the producing party. If any such documents are not returned or destroyed as directed, they shall remain in possession of the party only and those documents shall remain subject to this Protective Order until such time as they are returned or destroyed. The provisions of this paragraph apply equally to Confidential Material and to any copies, portions, quotations, excerpts, fragments, and summaries thereof, as well as any documents containing information derived from such Confidential Material.

9. Counsel for the parties, if any, may retain their work product and all briefs, pleadings or other filings with the Court which incorporate Confidential Material or disclose materials contained therein, but these materials shall remain subject to the terms and conditions of this Protective Order.

10. This Order shall be without prejudice to the right of any party to oppose production of any information for any lawful grounds, and nothing in this Order shall be construed to limit any party's right to oppose discovery on any grounds that otherwise would be available. This Order shall not limit any party's right to seek further and additional protection against, or limitation upon, production or dissemination of information and documents or their contents.

11. The parties may seek modification of this Order immediately prior to trial for the sole purpose of expediting trial preparation and the presentation of evidence at trial.

12. This Order does not limit the right of any party to object to the scope of discovery in the above-captioned action.

13. The foregoing is without prejudice to the right of any party to apply to the court to alter or amend the terms of this Order upon a showing of good cause.

14. Any violation of this Protective Order may result in a party requesting any available sanction by way of noticed motion, or *ex-parte* application if the requirements for an *ex-parte* application have been met.

15. This Protective Order may be signed on separate signature pages. These separate signature pages will become part of the integrated Protective Order. Where convenient for the parties to do so, the signed signature pages may be facsimile transmissions.

**AGREED:**

| SCHWARTZ & PERRY<br><br>By: _____<br>Murray Schwartz<br>Matthew T. Schatz<br><br>295 Madison Avenue<br>New York, New York 10017<br>(212) 889-6565<br>Attorneys for Plaintiff<br>Desiree Juan | SEYFARTH SHAW LLP<br><br>By: _____<br>Robert S. Whitman (RW 1140)<br>Gloria Galant (GG 2818)<br>620 Eighth Avenue<br>New York, New York 10018<br>(212) 218-5500<br>Attorneys for Defendant<br>LandAmerica Financial Group, Inc. |

SO ORDERED:  MAR 2 0 2008

_____
Hon. George B. Daniels
**HON. GEORGE B. DANIELS**

6

NY1 26498786.2